**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HAROLD R. STANLEY,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )         Civil Action No. 1:18-cv-1746 (TSC) |
| | ) |
| **JAMES DUFF and SHERYL WALTER**, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>MEMORANDUM OPINION</u>**

Twelve *pro se* Plaintiffs bring this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, against Defendants James Duff, former Director of the Administrative Office of the U.S. Courts ("AOUSC"), and Sheryl Walter, an attorney with the AOUSC, seeking injunctive and compensatory relief for Defendants' alleged violation of Plaintiffs' right to meaningful access to the courts in prior lawsuits.  ECF No. 1, Compl. at 11–13.[1]

Currently pending before the court are Defendants' Motion to Dismiss, ECF No. 16, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); Plaintiffs' Motion for Leave to File a Motion to Clarify or to Certify a Question and First Amended Complaint, ECF No. 18; Defendants' Motion for an Order Compelling Plaintiffs to Serve Judicial Officers Through Their Counsel, ECF No. 23; Plaintiffs' Motion for Leave to File a Surreply to U.S. Reply to Plaintiffs' Opposition to Motion to Dismiss, ECF No. 25; Plaintiffs' Motion for Leave to File a Motion for Appointment of Assistance of Counsel, ECF No. 26; Plaintiffs' Opposition to Entry of Ryan O'Connor McMonagle and Motion to Strike, ECF No. 32; Plaintiffs' Motion for Leave to File

---

[1]  Plaintiffs' request for equitable relief was denied by this court.  ECF No. 15, at 3.

Request to Clarify Case Status, ECF No. 35; and Plaintiffs' Request to Clarify Case Status, ECF No. 36.

For the reasons set forth below, the court will DENY Plaintiffs' motion for leave to file a surreply and will GRANT Defendants' motion to dismiss.  The court will also DENY Plaintiffs' motion to clarify or amend.  The court will DENY as moot Defendants' motion to compel service through counsel, Plaintiffs' motion for leave to file a motion for appointment of counsel, Plaintiffs' motion to strike, Plaintiffs' motion for leave to file a request to clarify case status, and Plaintiffs' request to clarify case status.

## I.     BACKGROUND

This case arises out of a series of lawsuits beginning in March 2014, in which Plaintiffs alleged that the Internal Revenue Service ("IRS") and the Department of Justice ("DOJ") falsified tax records to wrongly prosecute and incarcerate Plaintiffs.  Compl. at 3 n.1.  Following the dismissal of each case in District Court, Plaintiffs appealed, and the D.C. Circuit dismissed the respective appeals.  ECF No. 20, Pls. Br. at 2 n.5.  Plaintiffs subsequently sued both the District Court and D.C. Circuit judges who presided over the appeals (collectively, the "Judicial Defendants"), alleging that these judges failed to properly adjudicate the appeals.  Compl. ¶¶ 26–47.  After Walter and Duff notified DOJ about the need for representation, attorneys from the Department of Justice ("DOJ") represented the Judicial Defendants pursuant to 28 C.F.R. § 50.15.  Compl. ¶ 37.  Each of the cases brought against the Judicial Defendants was ultimately dismissed due to lack of standing.  *McNeil v. Harvey ("McNeil I")*, No. 17-cv-1720, 2018 WL 4623571, at *4-7 (D.D.C. dismissed Sept. 26, 2018); *McNeil v. Brown ("McNeil II")*, No. 17-cv-2602, 2018 WL 4623057, at *8 (D.D.C. dismissed Sept. 26, 2018).

In this case, Plaintiffs allege Defendants improperly referred the claims against the Judicial Defendants to DOJ for representation in violation of 28 C.F.R § 50.15, and in doing so violated Plaintiffs' due process rights, including denial of access to the courts and "violation of Plaintiffs' rights to sue the defaulted attorneys" and judges in their personal capacity because such referral resulted in the "interposition of the United States into the case." Compl. at 6, 9–11. Plaintiffs have sued the Defendants in their individual capacities,[2] Compl. ¶¶ 1–3, 19; *see also* Pls. Br. at 4 (clarifying that the Plaintiffs are suing the Defendants, "in their personal rather than official capacity"). Plaintiffs seek declaratory judgments, injunctive relief, and damages. Compl. 11–13.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Limits on subject-matter jurisdiction 'keep the federal courts within the bounds the Constitution and Congress have prescribed,' and those limits 'must be policed by the courts on their own initiative.'" *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Thus,

---

[2] Plaintiffs McNeil and Ellis have been permanently enjoined from "filing, or assisting in the filing of, any civil action in any United States District Court, without first obtaining leave of that court" against the IRS or DOJ, *see* Order of Permanent Injunction at 5, *In re McNeil and Ellis Pre-Filing Injunction*, No. 1:18-mc-000011 (D.D.C. filed January 24, 2018), and "against judicial officers, whether in their official or personal capacities, challenging the merit, the substance, and/or the process of those judicial officers.'" Amended Order of Permanent Injunction at 4, *In re McNeil and Ellis Pre-Filing Injunction*, No. 1:18-mc-000011.

plaintiffs bear the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).

In evaluating a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). But the court "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept [plaintiffs'] legal conclusions." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). A motion to dismiss under 12(b)(1) "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). And "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing, *inter alia*, *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

"Where the nonmoving party is proceeding *pro se*, courts in this jurisdiction will construe the non-moving party's filing liberally." *Cunningham v. U.S. Dep't of Justice*, 40 F. Supp. 3d 71, 82 (D.D.C. 2014), *aff'd*, No. 14-5112, 2014 WL 5838164 (D.C. Cir. Oct. 21, 2014). "However, a *pro se* litigant still has the burden of establishing more than '[t]he mere existence of a scintilla of evidence' in support of his position." *Id.* (alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### III.   DISCUSSION

#### A. **Motion to Dismiss**

Defendants move to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6) on the grounds that Plaintiffs lack standing, that the relief

sought is unavailable under *Bivens*, that the APA bars judicial review of this issue, and that

Defendants have qualified immunity.  ECF No. 16-1, Def. MTD Br. at 2–3 (citing, *inter alia*,

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

Defendants' Motion to Dismiss was filed on April 1, 2020, Plaintiffs filed a response on

May 26, 2020, and Defendants filed a reply on June 5, 2020.  Plaintiffs have moved for leave to

file a surreply.  ECF No. 25.

> 1.   Plaintiffs' Motion for Leave to File a Surreply

Under this court's civil rules,

> there ordinarily will be at most three memoranda associated with any given motion:
> (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii)
> the movant's reply.  *See* LCvR 7.  Nonetheless, when the non-movant is deprived
> of the opportunity to contest matters raised for the first time in the movant's reply,
> the non-movant may seek the district court's leave to file a surreply.

*Glass v. Lahood*, 786 F. Supp. 2d 189, 230–31 (D.D.C. 2011), *aff'd*, No. 11-5144, 2011 WL

6759550 (D.C. Cir. Dec. 8, 2011).  "Surreplies are generally disfavored, and the determination of

whether to grant or deny leave is entrusted to the sound discretion of the district court."

*Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 62 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012

WL 556317 (D.C. Cir. Feb. 6, 2012) (internal citations omitted).  In exercising its discretion to

ensure that briefing does not become an "endless pursuit," *id.* at 63, courts consider three factors:

"whether the movant's reply in fact raises arguments or issues for the first time; whether the non-

movant's proposed surreply would be helpful to the resolution of the pending motion; and

whether the movant would be unduly prejudiced were leave to be granted."  *Glass*, 786 F. Supp.

2d at 231.  A surreply is unnecessary where it serves only to amplify an issue already addressed in briefing, *id.*, or to correct an opposing party's "alleged mischaracterization."  *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).  "Where the movant's reply does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate."  *Crummey*, 794 F. Supp. 2d at 63.

Here, Plaintiffs argue that Defendants' reply raised several new issues: (1) that Plaintiffs had the same opportunity to have their case heard and to obtain judgment both before and after DOJ began representing the Judicial Defendants; (2) that the rules of 28 C.F.R. § 50.15(a)(1) cannot apply to Defendants in their personal capacities because the rules constrain only government action; and (3) that no injunctive remedy or monetary relief is available against Defendants in their personal capacity because any such relief would "only affect the agency." ECF No. 25.  Plaintiffs also argue that a surreply is justified by the contradictory nature of Defendants' defense, which purportedly indicates both that Defendants made a representation request and that the DOJ has complete authority over representation decisions.  *Id.* at 2.  None of these allegedly new arguments provides sufficient grounds for allowing Plaintiffs to file a surreply.

Defendants have not "expand[ed] the scope of issues presented," *Crummey*, 794 F. Supp. 2d at 63, but have instead merely addressed the arguments raised by Plaintiffs.  *See* Def. MTD Br. at 4 (discussing Plaintiffs' failure to show "how the case they brought . . . would be different if the judicial defendants had not received DOJ representation"); *id.* at 5–6 (discussing the standards and applicability of 28 C.F.R. § 50.15(a)(1) to government decisions regarding granting representation); *id.* at 6–7 (discussing unavailability of equitable relief as to the Plaintiffs' claims); *see also* Pls. Br. at 13 (raising for the first time the argument that declaratory

6

and injunctive relief is available as against Defendants' in their individual capacities under the APA).  Leave to file a surreply would thus be inappropriate.

In any event, the court's dismissal of this action is based on the absence of an injury in fact that is fairly traceable to the Defendants' actions.  *See* Section III.A.2, *infra*.  This argument was raised explicitly in Defendants' opening brief.  *See* Def. MTD Br. at 4 ("[Defendants] fail to show how the case they brought against the judicial defendants would be different if the judicial defendants had not received DOJ representation.").  Accordingly, Plaintiffs were not deprived of an opportunity to respond to the arguments upon which the court has relied.  Plaintiffs' motion for leave to file a surreply in opposition to the pending motion to dismiss will therefore be denied.

### 2. Dismissal for Lack of Standing

The "irreducible constitutional minimum of standing contains three elements": (1) plaintiffs must have suffered an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) the injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Lujan*, 504 U.S. at 560–61 (internal quotation marks and alterations omitted).  A "deficiency on any one of the three prongs suffices to defeat standing."  *U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000).

Defendants argue that Plaintiffs have not alleged an injury in fact amounting to denial of meaningful access to the courts, nor have they pleaded facts suggesting a causal relationship between any purported injury and Defendants' actions in referring the cases for DOJ representation.

In response, Plaintiffs contend that they have "an unquestionable right . . . to sue anyone, including government-employed attorneys, in personal, individual or/and official capacity," that this right "unquestionably" includes: (1) the right to compel the appearance of any government employee; (2) the ability to secure default judgments when defendants fail to contest complaints; and (3) the ability to use the compulsory process to secure witnesses.  Pls. Br. at 3–5.

Plaintiffs further attest that their injury is traceable to the Defendants' action because "it appears AOUSC Defendants Duff and Walter took steps to improperly insert FREE DoJ representation as a screen to prevent the judicial branch attorneys from facing the effects of their misconduct," by preventing Plaintiffs from "compelling the judicial branch attorneys to appear and answer Plaintiffs' suits," by "conceal[ing] the default of each judicial branch attorney," and by preventing Judge Janice Rogers Brown of the United States Court of Appeals for the District of Columbia [3] "from testifying as to her involvement in any of the appeals dismissed over her name."  *Id.* at 5 (capitals in original).

Plaintiffs' claimed injury, which they characterize as denial of the right to sue, is grounded in the constitutional right of access to the courts.  *See* Compl. at 10–11 n.8 (citing *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142 (1907); *Blake v. McClung*, 172 U.S. 239 (1898)).  The Supreme Court has outlined two kinds of denial of access claim: (1) forward-looking claims in which "systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits" (e.g., prisoners who are denied access to a law library) or "presently den[ies] an opportunity to litigate for a class of potential plaintiffs" (e.g., challenges to "filing fees that poor plaintiffs cannot afford to pay"), and (2) backward-looking claims in which

---

[3] Judge Brown retired on August 31, 2017.

"official action has precluded a claim that is no longer ripe for adjudication" (e.g., "the loss or inadequate settlement of a meritorious case"). *Williams v. Savage*, 538 F. Supp. 2d 34, 41 (D.D.C. 2008) (quoting *Christopher v. Harbury*, 536 U.S. 403, 412–14 (2002)).  Here, Plaintiffs' allegations fall into the latter category, as they look backwards to their prior litigation.  However, the Supreme Court has made clear that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis v. Casey*, 518 U.S. 343, 353 (1996).  Rather, "actual prejudice" must be shown. *Crawford-El v. Britton*, 951 F.2d 1314, 1321 (D.C. Cir. 1991).

Plaintiffs have not explained, in either their Complaint or their opposition to Defendants' motion, how DOJ's representation of the Judicial Defendants caused them actual injury or prejudice.  Although Plaintiffs contend that they were prevented from "reaching/suing the five attorneys in their personal capacity" because "the DoJ is attempting to substitute the United States" in two of Plaintiffs' prior cases, Compl. ¶ 1, the Judicial Defendants' representation by DOJ attorneys did not, in fact, effect a substitution of parties. *See McNeil I*, No. 1:17-cv-1720 (dismissing the claims against "Defendants, acting as federal judges, but whom Plaintiffs have sued in their personal capacities only"); *McNeil II*, No. 1:17-cv-2602  (explaining that although "Plaintiffs filed numerous lawsuits against the Department of Justice[] and the IRS," "Defendants in this case are three of the D.C. Circuit judges" who presided over prior appeals); *see also* Fed. R. Civ. P. 25 (setting forth the circumstances in which parties may be substituted and the procedures for doing so).  Nor have Plaintiffs explained how their case against the Judicial Defendants might have proceeded differently had the defendants retained, for example, private rather than DOJ representation.  The dismissal of Plaintiffs' prior claims due to lack of standing, following multiple rounds of briefing on motions to dismiss, does not amount to a denial of access to the courts in violation of Plaintiffs' First and Fifth Amendment rights. *See*

*McNeil I*, No. 1:17-cv-1720; *McNeil II*, No. 1:17-cv-2602; *see also Lewis*, 518 U.S. at 353;

*Crawford-El*, 951 F.2d at 1321 (noting that a Plaintiff claiming denial of access must "allege an

actual injury to his litigation" and that "[t]his requirement flows from the general principle that

some showing of injury is a prerequisite to a constitutional tort action.").

Moreover, even assuming, *arguendo*, that Plaintiffs could identify "actual prejudice" to

their right to meaningful access to the courts, *see Crawford-El*, 951 F.2d at 1321, they would still

fail to meet the "irreducible constitutional minimum of standing," because any such injury would

be "the result of the independent action of some third party not before the court." *See Lujan*, 504

U.S. at 560–61.  "[A]n injury will not be 'fairly traceable' to the defendant's challenged conduct

nor 'redressable' where the injury depends not only on that conduct, but on independent

intervening or additional causal factors." *Fulani v. Brady*, 935 F.2d 1324, 1329 (D.C. Cir. 1991).

The adverse rulings Plaintiffs cite, and Plaintiffs' inability to compel witnesses' appearance, are

not "fairly traceable" to Defendants' referral of the Judicial Defendants' cases to DOJ, but rather

are the result of the "independent actions" of the court that ruled on Plaintiffs' prior motions for

default judgement and the Judicial Defendants' prior motions to dismiss, and of the attorneys and

parties who filed and briefed those motions.

For the forgoing reasons, Defendants' motion to dismiss for lack of Article III standing

will be granted.

## B. <u>Motion for Leave to Clarify or Amend</u>

In response to the court's March 2020 order denying the United States' motion to

dismiss,[4] Plaintiffs moved for leave to clarify certain factual allegations in their Complaint and to

---

[4]  The court denied the prior Motion to Dismiss because the movant, the United States, was not a
party to this action.  ECF No. 15.

file a first amended complaint "which only amends the statutory basis upon which they seek declaratory and injunctive relief."  ECF No. 18, Pl. Mot. to Amend.

Amendment of pleadings is governed by Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and instructs district courts "to determine the propriety of amendment on a case by case basis." *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997).  The court may deny leave because of undue delay, bad faith, repeated failure to cure deficiencies in a pleading, undue prejudice to the opposing party, and futility of amendment.  *Id.* at 344 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The court also may deny leave to amend based on futility if the proposed amendment would not survive a motion to dismiss.  *Rumber v. District of Columbia*, 598 F. Supp. 2d 97, 102 (D.D.C. 2009) (citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

Plaintiffs seek to clarify that, in addition to their other allegations, they seek information regarding whether Defendants' assessment and referral was proper and timely.[5]  Pl. Mot. to Amend at 2.  Plaintiffs also seek to amend their Complaint to reflect that the source of this court's jurisdiction over Plaintiffs' claims for declaratory and injunctive relief is the APA.  See Pl. Mot. to Amend at 1, 4 ("Plaintiffs have made NO SUBSTANTIVE change to their amended complaint" (capitals in original)).  This amendment responds to Defendants' challenge to

_____

[5]  As the court previously noted in its April 17, 2020 Minute Order, Plaintiffs' motion contends that the court's March 4, 2020 Order made findings of fact and misconstrued the factual basis of Plaintiffs' Complaint.  *See* Pl. Mot. to Amend.  The court made no findings of fact in that Order. Nevertheless, the court's April 2020 Minute Order affirmed that it would "consider Plaintiffs' articulation of the factual basis for the suit described in the motion" moving forward, and the court has done so.

Plaintiffs' purported use of 28 U.S.C. § 1331 and *Bivens*, 403 U.S. 388, as the source of the courts' jurisdiction over claims for equitable relief.[6]  *See* Def. MTD Br. at 6–7.  However, Plaintiffs have not provided any further allegations of concrete, particularized injury, traceable to the actions of Defendants, which would suffice to confer standing to bring this suit.  *See* ECF No. 18-2; *see also* Section III.A.2, *supra*.  As the court would remain without jurisdiction to hear Plaintiffs' claims in their proposed Amended Complaint, amendment would be futile.  *See Rumber*, 598 F. Supp. 2d at 102.  Accordingly, Plaintiffs' motion will be denied.

## IV.    CONCLUSION

For the foregoing reasons, the court will DENY Plaintiffs' Motion for Leave to File a Surreply to U.S. Reply to Plaintiffs' Opposition to Motion to Dismiss, ECF No. 25, and will GRANT Defendants' Motion to Dismiss, ECF No. 16, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The court will also DENY Plaintiffs' Motion for Leave to File a Motion to Clarify or to Certify a Question and First Amended Complaint, ECF No. 18.

As Plaintiffs' claims will be dismissed in their entirety, the court will further DENY as moot Defendants' Motion for an Order Compelling Plaintiffs to Serve Judicial Officers Through Their Counsel, ECF No. 23; Plaintiffs' Motion for Leave to File a Motion for Appointment of Assistance of Counsel,[7] ECF No. 26; Plaintiffs' Opposition to Entry of Ryan O'Connor

---

[6] Defendants have argued in their briefing on the motion to dismiss, Def. MTD Br.; ECF No. 22, that the APA does not provide jurisdiction over these claims, but the court need not and does not address that issue here.

[7] Following the completion of briefing on Defendants' Motion to Dismiss, Plaintiffs filed their Motion for Leave to File a Motion for Appointment of Assistance of Counsel.  *See* ECF No. 26. The court has not addressed that motion here, as it is not only moot, but would also be futile. There is no constitutional or statutory right to counsel in a civil case.  *See Willis v. FBI*, 274 F.3d 531, 532 (D.C. Cir. 2001); *Pinson v. U.S. Dep't of Just.*, 104 F. Supp. 3d 30, 35–36 (D.D.C. 2015).  Although a court "may request an attorney to represent any person unable to afford

McMonagle and Motion to Strike, ECF No. 32; Plaintiffs' Motion for Leave to File Request to

Clarify Case Status, ECF No. 35; and Plaintiffs' Request to Clarify Case Status, ECF No. 36.

      A corresponding order will be forthcoming.

Date:  April 30, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

counsel" pursuant to 28 U.S.C. § 1915, the relevant factors do not support such an appointment
in this case.  In determining whether to appoint counsel, the court considers (1) the nature and
complexity of the action; (2) the potential merits of the claim; (3) the pro se litigant's
demonstrated inability to retain counsel; and (4) the interests of justice, including any benefit to
the court derived from the assistance of counsel.  *See* LCvR 83.11(b)(3).  The court notes that
Plaintiffs have failed to allege an injury sufficient to support standing or to otherwise indicate a
potentially meritorious claim in this case; they have not demonstrated—or even attempted to
demonstrate—an inability to retain counsel; and they have repeatedly pressed meritless claims
throughout both this and past litigation, clearly indicating that the interests of justice would not
be served by devoting the limited resources of the *pro bono* panel to this case.